IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,291-01





EX PARTE CALVIN LETROY HUNTER







ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 968719 IN THE 230TH JUDICIAL DISTRICT COURT


HARRIS COUNTY




 Per Curiam.


O R D E R



 Applicant was convicted of the offense of capital murder in July 2004. Based on the
jury's answers to the special issues set forth in the Texas Code of Criminal Procedure, Article
37.071, sections 2(b) and 2(e), and a mental retardation special issue, the trial judge
sentenced appellant to death. The conviction was affirmed on direct appeal. Hunter v. State,
243 S.W.3d 664 (Tex. Crim. App. 2007). Applicant's initial habeas application, Ex parte
Hunter, WR-69,291-01, was denied in 2008. Applicant's first subsequent application, Ex
parte Hunter, No. WR-69,291-02, was dismissed in January of 2010. Applicant claimed in
both applications that his execution would violate the Eighth Amendment's prohibition
against the execution of the mentally retarded. See Atkins v. Virginia, 536 U.S. 304 (2002).

 Applicant then filed a habeas petition in the United States District Court for the
Southern District of Texas. The federal district court entered an order staying those
proceedings to allow applicant to return to state court to present his claim. See Hunter v.
Thaler, No. H-10-778, Document 18 (S. Dist. - Houston, June 6, 2011) (not designated for
publication).

 Applicant has now filed a second subsequent application in which he again claims that
he is mentally retarded and so his execution would violate the Eighth Amendment. He
presents previously unavailable evidence in support of his allegation. We will construe that
application as a suggestion that this Court reconsider on its own initiative its 2008 denial of
his Atkins claim. While the Rules of Appellate Procedure do not permit the filing of a motion
for rehearing following the denial of a post-conviction application for writ of habeas corpus,
we may on our own initiative choose to exercise our authority to reconsider our initial
disposition of a capital writ. See Ex parte Moreno, 245 S.W.3d 419, 427-29 (Tex. Crim.
App. 2008) (stating that we may choose to exercise this authority only "under the most
extraordinary of circumstances").

 The jury's determination that applicant was not mentally retarded, and this Court's
previous denial of applicant's Atkins claim, occurred after Dr. George Denkowski testified
at trial that applicant's I.Q. scores underestimated his true intellectual functioning and that
applicant's adaptive functioning placed him above the range for mental retardation. In April
2011, Denkowski entered into a Settlement Agreement with the Texas State Board of
Examiners of Psychologists, in which his license was "reprimanded." Pursuant to this
Settlement Agreement, Denkowski agreed to not accept any engagement to perform forensic
psychological services in the evaluation of subjects for mental retardation or intellectual
disability in criminal proceedings. In light of this Settlement Agreement, we exercise our
authority to reconsider our 2008 denial of applicant's Atkins claim on our own initiative.

 This cause is remanded to the trial court to allow it the opportunity to re-evaluate its
initial findings, conclusions, and recommendation in light of the Denkowski Settlement
Agreement. The trial court may order affidavits or hold a live hearing if warranted. The trial
court may re-adopt its prior findings of fact, conclusions of law, and recommendation, or it
may make new or additional findings and conclusions and a new recommendation to this
Court.

 This cause will be held in abeyance pending the trial court's compliance with this
order. The trial court shall resolve the issues presented within 60 days of the date of this
order. (1) A supplemental transcript containing the trial court's resolution or any additional
findings of fact and conclusions of law shall be returned to this Court within 90 days of the
date of this order. (2)

 IT IS SO ORDERED THIS THE 25TH DAY OF APRIL, 2012.

Do Not Publish
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.